**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN W. NELSON,

    Petitioner,

    v.

ICTSI OREGON, INC.; SIGNAL
MUTUAL INDEMNITY
ASSOCIATION, LTD.

    Respondents.

No. 17-72752

BRB No. 16-0519

MEMORANDUM*

On Petition for Review of an Order of the
Benefits Review Board

Submitted November 5, 2018**
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District
Judge.

Martin Nelson, petitions for review of the decision of the United States

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

***The Honorable William K. Sessions III, United States District Judge for
the District of Vermont, sitting by designation.

Department of Labor's Benefits Review Board (BRB) which affirmed the award of fees made by the Administrative Law Judge (ALJ) to Nelson's attorney, Charles Robinowitz. We deny the petition.

(1) Nelson first asserts that the BRB erred when it affirmed the ALJ's determination that Robinowitz was not entitled to receive $425 per hour for his services in this matter. We disagree.

Nelson was entitled to obtain an award of a reasonable attorney's fee for Robinowitz on account of the latter's services. *See* 33 U.S.C. § 928(a). Essentially, that involves the use of the lodestar method, "which requires multiplying a reasonable hourly rate by the number of hours reasonably expended on the case." *Shirrod v. Director*, 809 F.3d 1082, 1086 (9th Cir. 2015). In turn, that placed the burden on Nelson to show that the hourly rate he sought for Robinowitz was "'in line with [the rates] prevailing in the community [Portland, Oregon] for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id.*; *see also Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009). On this record, the ALJ could reasonably determine that the fee requested by Nelson for Robinowitz was not supported by the evidence. *See Van Skike v. Director*, 557 F.3d 1041, 1045 (9th Cir. 2009); *see also Christensen*, 557 F.3d at 1053. For example, one of the two declarations did not

2

expressly support the requested rate, and the other essentially relied upon a survey

of attorneys who were involved in commercial litigation, which the ALJ and BRB,

in the exercise of their discretion,[1] could properly reject as a comparator. They

relied, instead, on the 2012 Oregon Bar Survey (the Survey) results for the

Portland, Oregon area. Thus, the ALJ resorted to creation of a proxy market rate

for the purpose of calculating the proper rate for Robinowitz's services.

(2) In calculating an hourly rate for Robinowitz, the ALJ relied upon two

areas-of-practice groups in the Survey: "Civil Litigation, Plaintiff (excludes

personal injury)" and "Civil Litigation, Plaintiff – Personal Injury."[2] We detect no

error in those choices. The ALJ used the portion of those groups of lawyers in the

75th percentile. Nelson asserts that the ALJ erred when he did so because

Robinowitz should have been placed in the 95th percentile of those groups.

However, the evidence, which is largely the same as that which Nelson relied upon

to assert that Robinowitz was entitled to $425 per hour in the first place, does not

compel a determination that Robinowitz was in the 95th percentile. While it can

be argued that even though Robinowitz is not in the 95th percentile, he should still

---

[1]*See Christensen*, 557 F.3d at 1052; *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[2]*See Shirrod*, 809 F.3d at 1088. Note that the ALJ also indicated that he would rely upon practice group "General (no area over 50%)."

3

be higher than the 75th percentile, there is no evidence regarding what that percentile should be and why Robinowitz is in it. The ALJ had two relevant choices, 75th and 95th, before him, and having rejected the latter, he chose the former. Of course, as has often been said, the setting of fees is not supposed to be a "green-eyeshade" operation.[3] There was no abuse of discretion.

(3) Nelson also asserts that the BRB erred when it affirmed the rate set by the ALJ for the senior associate in Robinowitz's firm. On this record we see no abuse of discretion in the setting of the amount awarded for the work of the senior associate.

(4) Finally, Nelson asserts that the ALJ erred when he set the rates for Robinowitz's paralegal. Reimbursement for paralegal work is available,[4] and should be calculated at the appropriate market rate.[5] Again, on the record of this case the setting of the rate in question was not an abuse of discretion.

Petition DENIED.

---

[3]*Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011).

[4]*See* 20 C.F.R. § 703.132(a); *see also id*. § 802.203(d)(2), (4).

[5]*See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288–89, 109 S. Ct. 2463, 2471–72, 105 L. Ed. 2d 229 (1989); *Quintana v. Crescent Wharf & Warehouse Co.*, 18 Ben. Rev. Bd. Serv. 254, 256 (1986).